Johnston *vs.* Preer *et al.*

---

CALVIN E. JOHNSTON, plaintiff in error, *vs.* PETER PREER *et al.*, defendants in error.

Where a bill was filed alleging that a settlement was had between partners in which a mistake was made against the complainant, which he failed to discover until after his claim was barred by the statute of limitations, unless saved by the recency of the discovery of the error, and the other partners admitted such mistake but pleaded the statute; and further, that if such settlement was opened and a new accounting had, the complainant would be found indebted to them, and the latter pleaded the statute to such cross-claims:

*Held*, that under the *special facts* of the case both parties were barred.

Equity.   Partnership.   Statute of limitations.   Before Judge JAMES JOHNSON.   Muscogee Superior Court.   November Term, 1874.

For the facts, see the decision.

INGRAM & CRAWFORD, for plaintiff in error. ·

PEABODY & BRANNON, for defendants.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants, to correct an alleged mistake in the settlement of a mercantile partnership.   It appears from the evidence in the record that the partners had a final settlement in 1860, which was acquiesced in by all the parties until the latter part of the year 1872, when the complainant discovered a mistake in the settlement of $802 96 in his favor.   The defendants, in their answer, admitted the mistake as alleged by complainant, but insisted that the complainant was barred by the statute of limitations, but set up in their answer, in the nature of a cross-bill, that if the settlement was to be opened, that the complainant was indebted to them, and prayed that he might be decreed to pay the same.   The complainant, in his answer to the defendants' cross-bill, insisted that if defendants had any claim upon him on a full settlement over and above the $802 96, that the same was barred by the statute of limitations.   The complainant insists that he is not barred from recovering the $802 96, because the statute did not run against him until the discovery of the mistake.   The defendants say, admitting the mistake, as you allege, and setting the settlement aside for that reason, and coming to a new settlement, you are indebted to us more than the sum of $802 96. To this claim of the defendants he pleads the statute of limitations.   The complainant is willing to consider the settlement a mistake in his favor to the extent of $802 96 in one item of the settlement, but is unwilling to have the entire set-

tlement set aside, and have a new accounting, as that might bring him in debt, as the defendants allege it would.   Upon this state of facts, the court charged the jury: "That if such a mistake in the settlement between the parties occurred, as is alleged, and if the parties could, by looking at their books, have readily discovered the mistake, and if the plaintiff failed to examine the books before and at the time of the settlement, and not until just before the bringing of his suit, but made the settlement without any such examination, then such failure to discover the mistake is attributable to negligence, and the plaintiff is not entitled to a decree; and more particularly so, if he has failed to show the settlement in all other respects not fair and correct." . And further, "if the settlement took place when it is admitted by the parties it did, and if the same has been acquiesced in by the parties until a short time before the filing of the bill, the defendant, Preer, insisting in his answer that the claim of the plaintiff is stale, and the plaintiff, Johnston, in his answer to the cross-bill, insisting that the claim of defendant, Preer, as set out, is stale, the plaintiff so insisting is not entitled by his bill to any relief in equity, the claims of each party are barred, and complainant cannot recover." To which charge the complainant excepted. In view of the *special facts* of this case, we find no error in the charge of the court to the jury.

Let the judgment of the court below be affirmed.